UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

CELIA WILLIAMS, individually and on behalf of all others similarly situated,

Plaintiff,

v.

USHEALTH ADVISORS, LLC, and THE MONTAGUE AGENCY, LLC,

Defendants.

No. 4:24-cv-00267-LGW-BWC

**DEFENDANT USHEALTH ADVISORS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant USHEALTH Advisors, LLC ("USHA"), by and through undersigned counsel, hereby submits its Answer and Affirmative Defenses in response to Celia Williams's Class Action Complaint, Dkt. No. 1 (the "Complaint").

**ANSWER**

1. USHA admits that Plaintiff purports to bring this action against Defendants under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TPCA").

**NATURE OF THE ACTION**

2. USHA admits that Plaintiff purports that this action is a putative class action pursuant to the TCPA.

3. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, and therefore denies the same.

4. USHA denies the allegations contained in Paragraph 4 of the Complaint.

5. USHA denies the allegations contained in Paragraph 5 of the Complaint.

6. USHA denies the allegations contained in Paragraph 6 of the Complaint.

7. USHA denies the allegations contained in Paragraph 7 of the Complaint.

8. USHA denies the allegations contained in Paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9. USHA admits that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

10. Paragraph 10 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 10 of the Complaint.

## PARTIES AND BACKGROUND

11. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and therefore denies the same.

12. USHA denies the allegations contained in Paragraph 12 of the Complaint.

13. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and therefore denies the same.

14. USHA denies the allegations contained in Paragraph 14 of the Complaint.

15. USHA denies the allegations contained in Paragraph 15 of the Complaint.

16. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and therefore denies the same.

## FACTS

17. USHA denies the allegations contained in Paragraph 17 of the Complaint.

18. USHA denies the allegations contained in Paragraph 18 of the Complaint.

19. USHA denies the allegations contained in Paragraph 19 of the Complaint.

20. USHA denies the allegations contained in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint describes an order issued by the Federal Communications Commission dated December 8, 2022, to which no response is required. USHA respectfully refers the Court to the quoted language from the FCC's order for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the order, USHA denies the allegations contained in Paragraph 24 of the Complaint.

25. USHA denies the allegations contained in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 26 of the Complaint.

27. USHA denies the allegations contained in Paragraph 27 of the Complaint.

28. USHA denies the allegations contained in Paragraph 28 of the Complaint.

29. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, and therefore denies the same.

30. USHA denies the allegations contained in Paragraph 30 of the Complaint.

31. USHA denies the allegations contained in Paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 33 of the Complaint.

34. USHA denies the allegations contained in Paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 35 of the Complaint.

36. USHA denies the allegations contained in Paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 37 of the Complaint.

38. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint, and therefore denies the same.

39. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint, and therefore denies the same.

40. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint, and therefore denies the same.

41. Paragraph 41 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA respectfully refers the Court to the quoted

language from 47 C.F.R. § 64.1200(c) for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the regulation, USHA denies the allegations contained in Paragraph 41 of the Complaint.

42. USHA denies the allegations contained in Paragraph 42 of the Complaint.

43. USHA denies the allegations contained in Paragraph 43 of the Complaint.

44. USHA denies the allegations contained in Paragraph 44 of the Complaint.

45. USHA denies the allegations contained in Paragraph 45 of the Complaint.

46. USHA denies the allegations contained in Paragraph 46 of the Complaint.

47. Paragraph 47 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 47 of the Complaint.

48. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint, and therefore denies the same.

49. Paragraph 49 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint, and therefore denies the same.

50. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint, and therefore denies the same.

51. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint, and therefore denies the same.

**CLASS ALLEGATIONS**

52. USHA admits that Plaintiff purports to bring this action as a class action pursuant

to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated.

53. USHA admits that Plaintiff attempts to define a class, but denies that a class can be certified or, if certified, would result in a class where liability would be imposed against USHA. Accordingly, USHA denies the allegations contained in Paragraph 53 of the Complaint.

54. Paragraph 54 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 56 of the Complaint.

57. Paragraph 57 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 58 of the Complaint.

59. Paragraph 59 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint consists of legal conclusions, to which no response

is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 60 of the Complaint.

61. Paragraph 61 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 61 of the Complaint.

62. Paragraph 62 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 63 of the Complaint.

**COUNT I**

**Violation of the TCPA 47 U.S.C. § 227**

64. USHA incorporates its responses to paragraphs 1 through 63 of the Complaint as if fully set forth herein.

65. Paragraph 65 of the Complaint describes an implementing regulation of the TCPA, to which no response is required. USHA respectfully refers the Court to the TCPA and the regulation for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the TCPA, USHA denies the allegations contained in Paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint describes an implementing regulation of the TCPA, to which no response is required. USHA respectfully refers the Court to the TCPA and the regulation for the actual language and full context. To the extent the allegations mischaracterize

or misconstrue the TCPA, USHA denies the allegations contained in Paragraph 66 of the Complaint.

67. Paragraph 67 of the Complaint describes an implementing regulation of the TCPA, to which no response is required. USHA respectfully refers the Court to the TCPA and the regulation for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the TCPA, USHA denies the allegations contained in Paragraph 67 of the Complaint.

68. Paragraph 68 of the Complaint describes an implementing regulation of the TCPA, to which no response is required. USHA respectfully refers the Court to the TCPA and the regulation for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the TCPA, USHA denies the allegations contained in Paragraph 68 of the Complaint.

69. USHA denies the allegations contained in Paragraph 69 of the Complaint.

70. USHA denies the allegations contained in Paragraph 70 of the Complaint.

71. USHA denies the allegations contained in Paragraph 71 of the Complaint.

## AFFIRMATIVE DEFENSES

USHA states that it intends to rely upon and otherwise preserve the following defenses in defense of Plaintiff's Complaint, and respectfully reserves the right to assert other defenses if facts learned in discovery warrant amendment of USHA's Defenses. Accordingly, USHA asserts the following Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a plausible claim upon which relief can be granted under any theory of action because the factual allegations are incomplete and/or do not state a claim for relief under

the TCPA against USHA.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, and none being admitted, were not caused by USHA, but by other persons or entities, including Plaintiff, for whom USHA is not responsible and over whose activities USHA exercises no control and/or has no right to control.

**THIRD AFFIRMATIVE DEFENSE**

USHA is not vicariously or otherwise liable for the acts of third parties making and/or initiating the complained of telephone call(s) to Plaintiff. At all relevant times, such third parties were not USHA's agents and USHA did not exercise substantial control over their actions.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by her and the other class members' consent, prior express invitation, permission to be called on their cellular and/or residential telephones, established business relationship, prior inquiry, and/or personal relationship with USHA or the alleged callers.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of estoppel due to her and other class members' consent, existing business relationships, familial relationships, prior express invitation, or other permission to be called on their cellular and/or residential telephone(s).

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff did not suffer any concrete harm or actual injury. Plaintiff and, if relevant, putative class members, did not suffer any concrete harm separate and apart from a procedural violation of the TCPA, and Plaintiff alleges bare procedural statutory violations divorced from any actual, concrete injury-in-fact. Plaintiff and, if relevant, putative class members, therefore lacks standing.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred for failure to join necessary and indispensable parties, including but not limited to, any third party that may have actually made or initiated the telephone calls at issue.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for treble damages are barred because USHA did not engage in knowing or willful misconduct.

**NINTH AFFIRMATIVE DEFENSE**

USHA states that to the extent any statute was violated as a result of a purported revocation of consent from Plaintiff, Plaintiff's damages, if any, would be limited to the number of purported calls or recordings which took place after Plaintiff actually revoked her consent (to the extent she ever did).

**TENTH AFFIRMATIVE DEFENSE**

USHA complied with all applicable statutory, regulatory, and common law requirements and accordingly, Plaintiff's claims are barred by USHA's compliance with all applicable State, Federal, and local laws and regulations, including but not limited to the TCPA, 47 C.F.R. 64.1200.

**ELEVENTH AFFIRMATIVE DEFENSE**

USHA states that to the extent it engaged in any conduct which may have violated any provision of the TCPA, such violation was unintentional, accidental, and as a result of a bona fide error which occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such error and ensure USHA's compliance with all applicable statutory, regulatory, and common law requirements, including but not limited to 47 U.S.C. § 227(c) and 47 C.F.R. 64.1200(c). Additionally, USHA raises its good faith compliance as a defense to Plaintiff's claims for treble

damages for alleged willing or knowing violations of the TCPA.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the TCPA violates USHA's First Amendment right to free speech. Specifically, the TCPA improperly inhibits the exercise of constitutionally protected speech.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the TCPA, within the context of a class action, is violative of USHA's constitutional rights under the Eighth Amendment prohibition against excessive fines and cruel and unusual punishment.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands due to her and the other class members' consent to be called on their cellular and/or residential telephones. *See Institute of Cetacean Research v. Sea Shepherd Conservation Soc.*, 725 F.3d 940, 947 (9th Cir. 2013).

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff and the other class members have failed to mitigate their damages, if any, based in part on their failure to notify the alleged callers that the alleged calls made to their cellular and/or residential telephone(s) should cease.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of ratification due to Plaintiff's and other class members' failure to timely notify the alleged callers that the calls should cease.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of laches and/or waiver for Plaintiff's and other class members' failure to timely notify the alleged callers that the calls allegedly made to

their cellular and/or residential telephone(s) should cease.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of *in pari delicto*. At all relevant times Plaintiff and other class members consented to and/or ratified the telephone calls complained of in the Complaint, including calls to their cellular and/or residential telephone number(s).

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because her registration on the National Do-Not-Call registry is invalid as a result of using and/or holding her cellular telephone number out to the public as a business telephone number.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because her registration on the National Do-Not-Call registry is invalid as a result of her cellular telephone number being registered by someone other than herself prior to her acquisition of the cellular telephone number.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the cellular telephone number which she claims was called in violation of 47 U.S.C. § 227(c) is and was not a residential telephone number or line.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

USHA is not liable for any violations of 47 C.F.R. 64.1200 because it can demonstrate that any violation is the result of error and that as part of its routine business practice, it meets the standards articulated in 47 C.F.R. 64.1200.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the alleged text messages (and/or telephone call(s)) are not telephone solicitations under the TCPA.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred by the exceptions provided under the TCPA.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to assert the claims and allegations set forth in the Complaint.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's suit and the claims of any putative class member are barred to the extent they agreed to arbitrate the asserted claim(s) against USHA.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Maintenance of this action as a class action is inconsistent with the legislative intent of the TCPA in that the United States Congress intended that claims under the TCPA proceed as individual actions.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's class action suit and the claims of putative class members are barred to the extent Plaintiff and putative class members agreed to waive any participation in a class, including as to the asserted claim(s) against USHA.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and those of any putative class member are barred to the extent their telephone number is a cellular telephone number because a cellular telephone line is not a residential telephone line and 47 U.S.C. § 227(c) applies only to residential telephone lines. The 2003 FCC Order that discussed cellular telephone lines falling under the ambit of 47 U.S.C. § 227(c) was incorrectly decided and is not entitled to any deference from the Court. *See Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244 (U.S. 2024). Nor does the Hobbs Act preclude this Court's determination as to the legislative intent of the TCPA, an issue set to be decided this term

by the Supreme Court in *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, No. 23-1226 (U.S.).

**THIRTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because USHA established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the National Do Not Call Rules.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

As a separate and alternative defense, Plaintiff's Complaint does not describe the claims made against USHA with sufficient particularity to enable USHA to determine what additional defenses it may have in response to the Complaint. USHA therefore reserves its right to assert any additional defenses which may be applicable once the precise nature of the underlying matters is pleaded or otherwise ascertained through discovery, investigation, or otherwise.

**RESERVATION**

USHA reserves the right to amend this Answer up and through the time of trial to assert any additional affirmative defenses, when and if, during the course of its investigation, discovery or preparation for trial, it becomes appropriate to assert such affirmative defenses.

WHEREFORE, Defendant USHEALTH Advisors, LLC respectfully requests that this Court enter judgment against Plaintiff and in favor of Defendant, dismiss this action with prejudice, award Defendant its reasonable attorneys' fees and costs incurred in defending this action, and for such other relief this Court deems just and proper.

Dated: March 24, 2025

Respectfully submitted,

GREENSPOON MARDER LLP

*/s/ Harry D. Dixon, Jr.*
Donnie Dixon Attorney At Law, LLC

State Bar No. 223375
P.O. Box 30021
Savannah, Georgia 31410
Telephone: (912) 443-4070
Facsimile: +1 (912) 380-6209
ddixon@donniedixonlaw.com

Jeffrey A. Backman (*pro hac vice*)
Roy Taub (*pro hac vice*)
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 491-1120
Facsimile: (954) 213-0140
jeffrey.backman@gmlaw.com
mary.torres@gmlaw.com
roy.taub@gmlaw.com
cheryl.cochran@gmlaw.com

*Attorneys for Defendant*
*USHEALTH Advisors, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 24, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using CM/ECF which will serve copies to all counsel of record registered to receive CM/ECF notification, and that it was served upon any other counsel and parties in some other authorized manner.

*/s/ Harry D. Dixon, Jr.*
HARRY D. DIXON, JR.