UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

CELIA WILLIAMS, individually and on behalf of all others similarly situated,

Plaintiff,

v. Case No. 4:24-cv-00267-LGW-BWC

USHEALTH ADVISORS, LLC, and THE MONTAGUE AGENCY, LLC,

Defendants.

_______________________________/

**DEFENDANT THE MONTAGUE AGENCY, LLC'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, The Montague Agency, LLC ("TMA"), by and through undersigned counsel, hereby files its Answer and Affirmative Defenses in response to Plaintiff's Class Action Complaint [D.E. 1] (the "Complaint") and states:

**ANSWER**

1. Admitted only that the action purports to seek redress under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, but denied that Plaintiff is entitled to any redress.

**NATURE OF THE ACTION**

2. Admitted only that the action purports to be a class action pursuant to the TCPA, but denied that any class relief is appropriate.

3. TMA is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph of the Complaint and therefore denies these allegations.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Admitted only that Plaintiff seeks purported relief in this action. Otherwise, denied.

## JURISDICTION AND VENUE

9. Admitted only that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Otherwise, denied.

10. Paragraph 10 contains legal conclusions to which no response is required. To the extent that a response is required, denied.

## PARTIES

11. TMA is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph of the Complaint and therefore denies these allegations.

12. TMA is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph of the Complaint and therefore denies these allegations.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

## FACTS

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Paragraph 21 contains legal conclusions to which no response is required. To the extent that a response is required, denied.

22. Paragraph 22 contains legal conclusions to which no response is required. To the extent that a response is required, denied.

23. Paragraph 23 contains legal conclusions to which no response is required. To the extent that a response is required, denied.

24. The order issued by the FCC described in paragraph 24 speaks for itself, and no response to same is required. To the extent that the quotation within Plaintiff's Complaint differs or misconstrues the language of the cited order, denied.

25. Denied.

26. Paragraph 26 contains legal conclusions to which no response is required. To the extent that a response is required, denied.

27. Denied.

28. Denied.

29. TMA is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph of the Complaint and therefore denies these allegations.

30. Denied.

31. Denied.

32. Paragraph 32 contains legal conclusions to which no response is required. To the extent that a response is required, denied.

33. Paragraph 33 contains legal conclusions to which no response is required. To the extent that a response is required, denied.

34. Denied.

35. Paragraph 35 contains legal conclusions to which no response is required. To the extent that a response is required, denied.

36. Denied.

37. Paragraph 37 contains legal conclusions to which no response is required. To the extent that a response is required, denied.

38. TMA is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph of the Complaint and therefore denies these allegations.

39. TMA is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph of the Complaint and therefore denies these allegations.

40. TMA is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph of the Complaint and therefore denies these allegations.

41. TCPA's implementing regulations at 47 C.F.R. §64.1200(c) speak for themselves, and no response to same is required. To the extent that the quotation within Plaintiff's Complaint differs or misconstrues the language of the cited regulation, denied.

42. Denied.

43. TMA is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph of the Complaint and therefore denies these allegations.

44. TMA is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph of the Complaint and therefore denies these allegations.

45. Denied.

46. TMA is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph of the Complaint and therefore denies these allegations.

47. Paragraph 47 contains legal conclusions to which no response is required. To the extent that a response is required, denied.

48. Denied.

49. Paragraph 49 contains legal conclusions to which no response is required. To the extent that a response is required, denied.

50. TMA is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph of the Complaint and therefore denies these allegations.

51. TMA is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph of the Complaint and therefore denies these allegations.

**CLASS ALLEGATIONS**

52. Admitted only that Plaintiff purports to bring this action as a class action pursuant to Fed. R. Civ. P. 23. Denied that this action is properly brought as a class action and otherwise denied.

53. Admitted only that Plaintiff purports to define a class as suggested in paragraph 53. Denied that this action is properly brought as a class action, that the purported class is proper, and otherwise denied.

54. Paragraph 54 contains legal conclusions to which no response is required. To the extent that a response is required, denied.

55. Paragraph 55 contains legal conclusions to which no response is required. To the extent that a response is required, denied.

**NUMEROSITY**

56. Paragraph 56 contains legal conclusions to which no response is required. To the extent that a response is required, denied.

57. Paragraph 57 contains legal conclusions  to which no response is required. To the extent that a response is required, denied.

**COMMON QUESTIONS OF LAW AND FACT**

58. Paragraph 58 contains legal conclusions to which no response is required. To the extent that a response is required, denied.

59. Paragraph 59 contains legal conclusions to which no response is required. To the extent that a response is required, denied.

**TYPICALITY**

60. Paragraph 60 contains legal conclusions to which no response is required. To the extent that a response is required, denied.

**PROTECTING THE INTERESTS OF CLASS MEMBERS**

61. Paragraph 61 contains legal conclusions to which no response is required. To the extent that a response is required, denied.

62. Paragraph 62 contains legal conclusions to which no response is required. To the extent that a response is required, denied.

63. Paragraph 63 contains legal conclusions to which no response is required. To the extent that a response is required, denied.

**COUNT I**
**Violation of the TCPA 47 U.S.C. §227**

64. TMA re-alleges and re-avers its responses to paragraphs 1 through 63 of the Complaint as though fully set forth herein.

65. TCPA's implementing regulations at 47 C.F.R. §64.1200(c) speak for themselves, and no response to same is required. To the extent that the quotation within Plaintiff's Complaint differs or misconstrues the language of the cited regulation, denied.

66. TCPA's implementing regulations at 47 C.F.R. §64.1200(e) speak for themselves, and no response to same is required. To the extent that the quotation within Plaintiff's Complaint differs or misconstrues the language of the cited regulation, denied.

67. TCPA's implementing regulations at 47 C.F.R. §64.1200(d) speak for themselves, and no response to same is required. To the extent that the quotation within Plaintiff's Complaint differs or misconstrues the language of the cited regulation, denied.

68. The quoted portion of the TCPA, 47 U.S.C. § 227(c), speaks for itself, and no response to same is required. To the extent that the quotation within Plaintiff's Complaint differs or misconstrues the language of the cited statute, denied.

69. Denied.

70. Denied.

71. Denied.

## AFFIRMATIVE DEFENSES

In asserting these defenses, TMA does not adopt the burden of proof on any element of any claim or defense for which Plaintiff has the burden under law. This case is in its initial stages, and TMA reserves the right to amend or add to these defenses.

## FIRST AFFIRMATIVE DEFENSE

As and for its First Affirmative Defense, TMA states that Plaintiff's suit and the claims of any putative class member are barred to the extent they agreed to arbitrate the asserted claim(s).

## SECOND AFFIRMATIVE DEFENSE

As and for its Second Affirmative Defense, TMA states that Plaintiff's damages, if any, Plaintiff fails to state a plausible claim upon which relief can be granted under any theory of action

because the factual allegations are incomplete and/or do not state a claim for relief under the TCPA against TMA.

**THIRD AFFIRMATIVE DEFENSE**

As and for its Third Affirmative Defense, TMA states that it is not vicariously or otherwise liable for the acts of third parties making and/or initiating the complained of telephone call(s) to Plaintiff. At all relevant times, such third parties were not TMA's agents and TMA did not exercise substantial control over their actions.

**FOURTH AFFIRMATIVE DEFENSE**

As and for its Fourth Affirmative Defense, TMA states that Plaintiff's claims are barred by her and the other class members' consent, prior express invitation, permission to be called on their cellular and/or residential telephones, established business relationship, prior inquiry, and/or personal relationship with TMA or the alleged callers.

**FIFTH AFFIRMATIVE DEFENSE**

As and for its Fifth Affirmative Defense, TMA states that Plaintiff's claims are barred by the doctrine of estoppel due to her and other class members' consent, existing business relationships, familial relationships, prior express invitation, or other permission to be called on their cellular and/or residential telephone(s).

**SIXTH AFFIRMATIVE DEFENSE**

As and for its Sixth Affirmative Defense, TMA states that Plaintiff's claims are barred because Plaintiff did not suffer any concrete harm or actual injury. Plaintiff and, if relevant, putative class members, did not suffer any concrete harm separate and apart from a procedural violation of the TCPA, and Plaintiff alleges bare procedural statutory violations divorced from any

actual, concrete injury-in-fact. Plaintiff and, if relevant, putative class members, therefore lacks standing.

**SEVENTH AFFIRMATIVE DEFENSE**

As and for its Seventh Affirmative Defense, TMA states that Plaintiff's claims are barred for failure to join necessary and indispensable parties, including but not limited to, any third party that may have actually made or initiated the telephone calls at issue.

**EIGHTH AFFIRMATIVE DEFENSE**

As and for its Eighth Affirmative Defense, TMA states that Plaintiff's claims for treble damages are barred because TMA did not engage in knowing or willful misconduct.

**NINTH AFFIRMATIVE DEFENSE**

As and for its Ninth Affirmative Defense, TMA states that to the extent any statute was violated as a result of a purported revocation of consent from Plaintiff, Plaintiff's damages, if any, would be limited to the number of purported calls or recordings which took place after Plaintiff actually revoked her consent (to the extent she ever did).

**TENTH AFFIRMATIVE DEFENSE**

As and for its Tenth Affirmative Defense, TMA states that it complied with all applicable statutory, regulatory, and common law requirements and accordingly, Plaintiff's claims are barred by TMA's compliance with all applicable State, Federal, and local laws and regulations, including but not limited to the TCPA, 47 C.F.R. § 64.1200.

**ELEVENTH AFFIRMATIVE DEFENSE**

As and for its Eleventh Affirmative Defense, TMA states that to the extent it engaged in any conduct which may have violated any provision of the TCPA, such violation was unintentional, accidental, and as a result of a bona fide error which occurred notwithstanding the

maintenance of procedures reasonably adapted to avoid such error and ensure TMA's compliance with all applicable statutory, regulatory, and common law requirements, including but not limited to 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c). Additionally, TMA raises its good faith compliance as a defense to Plaintiff's claims for treble damages for alleged willing or knowing violations of the TCPA.

**TWELFTH AFFIRMATIVE DEFENSE**

As and for its Twelfth Affirmative Defense, TMA states that Plaintiff's claims are barred because the TCPA violates TMA's First Amendment right to free speech. Specifically, the TCPA improperly inhibits the exercise of constitutionally protected speech.

**THIRTEENTH AFFIRMATIVE DEFENSE**

As and for its Thirteenth Affirmative Defense, TMA states that Plaintiff's claims are barred because the TCPA, within the context of a class action, is violative of TMA's constitutional rights under the Eighth Amendment prohibition against excessive fines and cruel and unusual punishment.

**FOURTEENTH AFFIRMATIVE DEFENSE**

As and for its Fourteenth Affirmative Defense, TMA states that Plaintiff's claims are barred by the doctrine of unclean hands due to her and the other class members' consent to be called on their cellular and/or residential telephones. *See Institute of Cetacean Research v. Sea Shepherd Conservation Soc.*, 725 F.3d 940, 947 (9th Cir. 2013).

**FIFTEENTH AFFIRMATIVE DEFENSE**

As and for its Fifteenth Affirmative Defense, TMA states that Plaintiff and the other class members have failed to mitigate their damages, if any, based in part on their failure to notify the

alleged callers that the alleged calls made to their cellular and/or residential telephone(s) should cease.

**SIXTEENTH AFFIRMATIVE DEFENSE**

As and for its Sixteenth Affirmative Defense, TMA states that Plaintiff's claims are barred by the doctrine of ratification due to Plaintiff's and other class members' failure to timely notify the alleged callers that the calls should cease.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

As and for its Seventeenth Affirmative Defense, TMA states that Plaintiff's claims are barred by the doctrines of laches and/or waiver for Plaintiff's and other class members' failure to timely notify the alleged callers that the calls allegedly made to their cellular and/or residential telephone(s) should cease.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

As and for its Eighteenth Affirmative Defense, TMA states that Plaintiff's claims are barred by the doctrine of *in pari delicto*. At all relevant times Plaintiff and other class members consented to and/or ratified the telephone calls complained of in the Complaint, including calls to their cellular and/or residential telephone number(s).

**NINETEENTH AFFIRMATIVE DEFENSE**

As and for its Nineteenth Affirmative Defense, TMA states that Plaintiff's claims are barred because her registration on the National Do-Not-Call registry is invalid as a result of using and/or holding her cellular telephone number out to the public as a business telephone number.

**TWENTIETH AFFIRMATIVE DEFENSE**

As and for its Twentieth Affirmative Defense, TMA states that Plaintiff's claims are barred because her registration on the National Do-Not-Call registry is invalid as a result of her cellular telephone number being registered by someone other than herself prior to her acquisition of the cellular telephone number.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

As and for its Twenty-First Affirmative Defense, TMA states that Plaintiff's claims are barred because the cellular telephone number which she claims was called in violation of 47 U.S.C. § 227(c) is and was not a residential telephone number or line.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

As and for its Twenty-Second Affirmative Defense, TMA states that TMA is not liable for any violations of 47 C.F.R. § 64.1200 because it can demonstrate that any violation is the result of error and that as part of its routine business practice, it meets the standards articulated in 47 C.F.R. § 64.1200.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

As and for its Twenty-Third Affirmative Defense, TMA states that Plaintiff's claims are barred because the alleged text messages (and/or telephone call(s)) are not telephone solicitations under the TCPA.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

As and for its Twenty-Fourth Affirmative Defense, TMA states that Plaintiff's claims may be barred by the exceptions provided under the TCPA.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

As and for its Twenty-Fifth Affirmative Defense, TMA states that Plaintiff lacks standing to assert the claims and allegations set forth in the Complaint.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

As and for its Twenty-Sixth Affirmative Defense, any alleged damages, injuries, or losses were not caused by TMA, but by other persons or entities, including Plaintiff, for whom TMA is not responsible and over whose activities TMA exercises no control and/or has no right to control.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

As and for its Twenty-Seventh Affirmative Defense, TMA states that maintenance of this action as a class action is inconsistent with the legislative intent of the TCPA in that the United States Congress intended that claims under the TCPA proceed as individual actions.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

As and for its Twenty-Eighth Affirmative Defense, TMA states that Plaintiff's class action suit and the claims of putative class members are barred to the extent Plaintiff and putative class members agreed to waive any participation in a class, including as to the asserted claim(s) against TMA.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

As and for its Twenty-Ninth Affirmative Defense, TMA states that Plaintiff's claims and those of any putative class member are barred to the extent their telephone number is a cellular telephone number because a cellular telephone line is not a residential telephone line and 47 U.S.C. § 227(c) applies only to residential telephone lines. The 2003 FCC Order that discussed cellular telephone lines falling under the ambit of 47 U.S.C. § 227(c) was incorrectly decided and is not entitled to any deference from the Court. *See Loper Bright Enters. v. Raimondo,* 144 S. Ct. 2244 (U.S. 2024). Nor does the Hobbs Act preclude this Court's determination as to the legislative intent of the TCPA, an issue set to be decided this term by the Supreme Court in *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, No. 23-1226 (U.S.).

**<u>THIRTIETH AFFIRMATIVE DEFENSE</u>**

As and for its Thirtieth Affirmative Defense, TMA states that Plaintiff's claims are barred because TMA established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the National Do Not Call Rules.

**<u>THIRTY-FIRST AFFIRMATIVE DEFENSE</u>**

As and for its Thirty-First Affirmative Defense, TMA states that as a separate and alternative defense, Plaintiff's Complaint does not describe the claims made against TMA with sufficient particularity to enable TMA to determine what additional defenses it may have in response to the Complaint. TMA therefore reserves its right to assert any additional defenses which may be applicable once the precise nature of the underlying matters is pleaded or otherwise ascertained through discovery, investigation, or otherwise.

WHEREFORE, Defendant, The Montague Agency, LLC., respectfully requests that this Court enter judgment in its favor and against Plaintiff, dismiss this action with prejudice, and for such other relief this Court deems just and proper.

Dated: March 25, 2025.


**ATHERTON, GALARDI, MULLEN & REEDER**

*<u>/s/ Peter Maskow</u>*
Peter Maskow (admitted *pro hac vice*)
1641 Worthington Rd., Suite 100
West Palm Beach, FL 33409
Phone: 561.293.2530
pmaskow@athertonlg.com

**BROWN, READDICK, BUMGARTNER, CARTER, STRICKLAND & WATKINS, LLP**

*<u>/s/ Paul M. Scott</u>*
Paul M. Scott
Georgia Bar No. 140960
5 Glynn Avenue

Brunswick, GA 31520
Phone: 912.264.8544
pscott@brbcsw.com

*Attorneys for The Montague Agency, LLC*

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF"), which was generated as a result of electronic filing.

Dated: March 25, 2025.

*/s/ Paul M. Scott*
Paul M. Scott
Georgia Bar No. 140960
5 Glynn Avenue
Brunswick, GA 31520
Phone: 912.264.8544
pscott@brbcsw.com

*Attorneys for The Montague Agency, LLC*